UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-61116-RAR

**LAZAO PENA AND ROGER JAIME**,

 Plaintiffs,

v.

**BEST WHOLESALE GROCERS, LLC**,

 Defendant.
_____/

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** comes before the Court on Plaintiffs Lazao Pena and Roger Jaime's Motion for Default Final Judgment ("Motion"), [ECF No. 8], filed on August 4, 2023. After Defendant failed to file a response to Plaintiffs' Complaint, [ECF No. 1], Plaintiffs filed a Motion for Clerk's Entry of Default, [ECF No. 5], which the Clerk entered on July 24, 2023, [ECF No. 6]. The Court then entered an Order to Show Cause, requiring that by July 28, 2023, Defendant file a response to Plaintiffs' Complaint. OSC [ECF No. 7] ¶ 1. The Court further ordered that if Defendant failed to file a response to the Complaint, Plaintiffs would file a Motion for Final Default Judgment by August 4, 2023. *Id.* ¶ 2. Defendant has failed to respond to the Complaint or the Order to Show Cause, so Plaintiffs' Motion for Final Default Judgment is presently before the Court.

## BACKGROUND

Plaintiffs' Complaint alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq. See generally* Compl. Plaintiff Pena alleges that for 90 days beginning in October 2022, Defendant failed to pay full and proper overtime wages. *See* Aff. of Lazao Pena ("Pena Aff."), [ECF No. 8-2] ¶¶ 3–6. Plaintiff Jaime alleges he was not paid full and proper

overtime wages from July 18, 2022, through December 29, 2022. Aff. of Roger Jaime ("Jaime Aff."), [ECF No. 8-1] ¶¶ 3–6. Plaintiffs' Motion seeks entry of a final default judgment against Defendant. Plaintiff Pena requests that the Court award damages in the sum of $1,920.00 for unpaid overtime wages and $1,920.00 for liquidated damages. Mot. at 3–4. Plaintiff Jaime seeks $2,665.00 for unpaid overtime wages and $2,665.00 for liquidated damages. *Id.*

## LEGAL STANDARD

A party may apply to the court for a default judgment when the defendant fails to timely respond to a pleading. FED. R. CIV. P. 55(b)(2). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotation marks omitted) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1205 (5th Cir. 1975)). However, conclusions of law are to be determined by the court. *See Mierzwicki v. CAB Asset Mgmt., LLC*, No. 14-61998, 2014 WL 12488533, at *1 (S.D. Fla. Dec. 30, 2014). Therefore, a court may enter a default judgment only if there is a "sufficient basis to state a claim." *Id.*

Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004). A court may determine damages without holding a hearing "where all essential evidence is already of record." *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017) (stating evidentiary hearings are not required when "any additional evidence would be truly unnecessary to a fully informed determination of damages" (citation omitted)).

## ANALYSIS

### A. FLSA Liability

To state a claim for unpaid overtime wages under the FLSA, 29 U.S.C. § 207, a plaintiff must allege (1) he or she was employed by an employer covered under the FLSA; (2) he or she was engaged in commerce, or the employer was engaged in commerce; and (3) the employer failed to pay the required overtime compensation. *Molina v. SMI Sec. Mgmt., Inc.*, No. 11-24245, 2013 WL 12092072, at *2 (S.D. Fla. July 15, 2013). Under the FLSA, an "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "[T]he FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012). The FLSA exempts employees working in an administrative capacity from this requirement. *See* 29 U.S.C. § 213(a); *Friedman v. S. Fla. Psychiatric Assocs., Inc.*, 139 F. App'x 183, 185 (11th Cir. 2005). However, "[o]ne of the requirements for exempt status is that the employee be paid on a salary basis, which requires the employee's compensation not be 'subject to reduction because of variations in the quality or quantity of the work performed.'" *Id.* (emphasis omitted) (quoting 29 C.F.R. § 541.118(a)).

An employer who violates § 207 of the FLSA is liable to the employee in the amount of their unpaid overtime compensation *and* an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). "[T]he law is well settled that a prevailing plaintiff under [§ 207] is entitled to a mandatory award of liquidated damages unless the district court explicitly finds that the defendant acted in good faith in violating the [FLSA]." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1344 (M.D. Fla. 1999) (citing *Spires v. Ben Hill Cnty.*, 980 F.2d 683 (11th Cir. 1993)).

Here, taking Plaintiffs' well-pleaded allegations as true, the Court finds that Plaintiffs are entitled to unpaid overtime wages. Plaintiffs allege they were employed by Defendant during the period of their claims. *See* Pena Aff. ¶ 3; Jaime Aff. ¶ 3. Additionally, Plaintiffs allege Defendant engaged in commerce during the course of Plaintiffs' employment periods. Compl. ¶¶ 19–20. Finally, Plaintiffs allege entitlement to damages. Plaintiff Pena claims damages in the sum of $1,920.00 for unpaid overtime wages and $1,920.00 for liquidated damages. Mot. at 3–4. Plaintiff Jaime seeks $2,665.00 for unpaid overtime wages and $2,665 for liquidated damages. *Id.*

**B. Damages**

Plaintiffs have provided affidavits, based on personal knowledge, indicating that they were employed by Defendant during the periods of their claims. *See* Pena Aff. ¶ 3; Jaime Aff. ¶ 3. Plaintiffs claim they regularly worked overtime hours but were not compensated appropriately. Pena Aff. ¶ 6; Jaime Aff. ¶ 6. The Court is satisfied Plaintiffs' Affidavits sufficiently establish that Plaintiff Pena's damages are $1,920.00 and Plaintiff Jaime's damages are $2,665.00.

With respect to liquidated damages, an employer bears the burden of demonstrating that liquidated damages are not warranted. *See* 29 U.S.C. § 260. Given their default, Defendant has not shown in any way that liquidated damages are not warranted. Accordingly, Plaintiffs are entitled to $1,920.00 and $2,665.00 in liquidated damages, respectively.

Plaintiffs also seek attorney's fees and costs totaling $2,137.00. Plaintiffs' counsel has provided an affidavit accounting for her time spent on this case. Aff. of Juliana Gonzalez, [ECF No. 8-3]. Plaintiffs' counsel requests attorneys' fees for 4.2 hours spent on this matter at an hourly rate of $400.00, totaling $1,680.00. *Id.* ¶ 13. Plaintiffs' counsel also requests costs for the court filing fee in the amount of $402.00 for filing the Complaint and service of process fees in the amount of $55.00. *Id.* ¶ 14. The Court finds that the request for attorney's fees is appropriate and

not excessive after careful review of the hourly rate and the time expended in this matter. *See* 29 U.S.C. § 216(b) (stating that in an action to recover for violations of section 207, "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, [ECF No. 8], is **GRANTED**. Default Final Judgment will be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 9th day of August, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**